# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KENNO SOLESBY-FUNMAKER,<br><br>Plaintiff,<br><br>v.<br><br>SANDRA HAUTAMAKI and DAVID TARR,<br><br>Defendants. | Case No. 18-CV-1205-JPS<br><br>**ORDER** |

On August 3, 2018, Plaintiff in the above-captioned case filed a complaint alleging violations of his constitutional rights. (Docket #1). On September 5, 2018, the Court screened his complaint and allowed Plaintiff to proceed on his First Amendment claims related to mail suspension and retaliation. (Docket #5). A scheduling order issued shortly thereafter, which set a discovery completion deadline for April 25, 2019. (Docket #10). On May 15, 2019, Sandra Hautamaki ("Hautamaki") and David Tarr ("Tarr") (collectively, "Defendants") filed a motion for summary judgment. (Docket #19). Neither the motion, nor the accompanying proposed facts, were opposed. *See* (Docket #29). Accordingly, the Court will treat Defendants' statement of facts as undisputed for the purpose of their motion. Fed. R. Civ. P. 56(e)(2); Civ. L.R. 56(b)(4). For the reasons stated below, the motion for summary judgment will be granted, and the case will be dismissed.[1]

---

[1] On May 22, 2019, Plaintiff filed a motion for sanctions, claiming that Defendants ignored his discovery requests. (Docket #26). In December 2018, Plaintiff filed discovery requests on the docket, which the Court instructed must be mailed directly to Defendants. (Docket #16). Plaintiff did not mail his requests to Defendants until April 19, 2019, and they were not postmarked until May 1,

1.  **STANDARD OF REVIEW**

    1.1  **Summary Judgment**

Federal Rule of Civil Procedure 56 provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

   1.2  **Exhaustion of Prisoner Administrative Remedies**

The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available[.]" 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require," and he must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). A suit must be

---

2019. The scheduling order gave parties thirty days to respond to requests, and admonished the parties to send out discovery well in advance of the April 25, 2019 deadline to ensure time to respond. (Docket #10). In light of Plaintiff's failure to follow the terms of the scheduling order, Defendants' failure to reply to the requests does not warrant sanctions or an order to compel.

dismissed if it was filed before exhaustion was complete, even if exhaustion is achieved before judgment is entered. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Several important policy goals animate the exhaustion requirement, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties the opportunity to develop the factual record, and reducing the scope of litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense to be proven by Defendants. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

The Wisconsin Department of Corrections maintains an Inmate Complaint Review System ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code § DOC 310.04. There are two steps an inmate must take to exhaust their administrative remedies under the ICRS. First, the inmate must file an offender complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise to the complaint. *Id.* § DOC 310.07(2). The ICE may reject the complaint or return the complaint to the inmate and allow him or her to correct the issue(s) and re-file within ten days. *See id.* §§ DOC 310.10(5),(6). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority within ten days. *Id.* § DOC 310.10(10).[2] If the complaint is not rejected, the ICE issues a recommendation for disposing of the complaint, either dismissal or affirmance, to the reviewing authority. *Id.* §§ DOC 310.10(9),(12). The reviewing authority will affirm or dismiss the complaint

---

[2]The ICRS defines a "reviewing authority" as "a person who is authorized to review and decide an inmate complaint." Wis. Admin. Code § DOC 310.03(15).

in whole or in part, or return the complaint to the ICE for further investigation. *Id.* § DOC 310.11(2).

Second, if the ICE recommends dismissal and the reviewing authority accepts it, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE") within fourteen days. *Id.* §§ DOC 310.09(1), 310.12. The CCE issues a recommendation to the Secretary of the Department of Corrections who may accept or reject it. *Id.* §§ DOC 310.12(2), 310.13. Upon receiving the Secretary's decision, or after ninety days from the date the Secretary received the recommendation, the inmate's administrative remedies are exhausted. *Id.* § DOC 310.13(4).

## 2. RELEVANT FACTS

Plaintiff is an inmate at the Redgranite Correctional Institution, under the custody of the Wisconsin Department of Corrections. Plaintiff was ordered, by the terms of his prison sentence, not to contact one Olga Garrido. Nevertheless, he repeatedly violated the no-contact order by attempting to send mail to her. As a result, Plaintiff was disciplined and lost personal mail privileges for ninety days. As it happened, the personal mail restriction was arbitrarily enforced against all prisoners, not just those who had violated no-contact orders. Plaintiff filed an inmate complaint, which was affirmed because conduct-related personal mail restrictions must be limited to particular individuals. Subsequently, Tarr imposed a personal mail restriction against all inmates for security reasons. Hautamaki affirmed the restriction, finding that this type of action, if taken for security reasons, was permitted. Plaintiff did not file an inmate complaint about this second restriction. Instead, he untimely challenged the restriction in an appeal of his original complaint. Neither his complaint nor his appeal alleged retaliation or any related First Amendment rights violations.

3. **ANALYSIS**

As a threshold matter, the facts indicate that Plaintiff failed to administratively exhaust his complaint through the required channels because he failed to submit a complaint that timely or specifically challenged Tarr's second all-inmate mail restriction, or Hautamaki's refusal to rescind it. Additionally, it does not appear that he ever challenged his individual restriction as retaliatory or otherwise violative of his First Amendment rights.

But even if Plaintiff had exhausted his administrative remedies, Defendants' restrictions on Plaintiff's mail did not violate the First Amendment because they were "reasonably related to legitimate penological interests," i.e., carrying out the terms of this sentence. *Turner v. Safley*, 482 U.S. 78, 89 (1987). Plaintiff has not provided any facts to suggest otherwise.

Additionally, there is no evidence that the mail restriction was in retaliation for Plaintiff's various complaints. In order to establish a *prima facie* retaliation case, an inmate must show "(1) his speech was constitutionally protected, (2) he has suffered a deprivation likely to deter free speech, and (3) his speech was at least a motivating factor in the [defendant's] action" *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). Defendants concede that filing an inmate complaint is a protected activity, but argue that there is no evidence that the ninety-day personal mail restriction would be likely to deter protected speech. In support of this, they point out that Plaintiff proceeded to file six additional inmate complaints in April and May of 2018, after the restriction was imposed, thereby suggesting that he was not, in fact, deterred at all. Finally, there are no facts suggesting a causal connection between his filing of the complaint and the

3. **ANALYSIS**

As a threshold matter, the facts indicate that Plaintiff failed to administratively exhaust his complaint through the required channels because he failed to submit a complaint that timely or specifically challenged Tarr's second all-inmate mail restriction, or Hautamaki's refusal to rescind it. Additionally, it does not appear that he ever challenged his individual restriction as retaliatory or otherwise violative of his First Amendment rights.

But even if Plaintiff had exhausted his administrative remedies, Defendants' restrictions on Plaintiff's mail did not violate the First Amendment because they were "reasonably related to legitimate penological interests," i.e., carrying out the terms of this sentence. *Turner v. Safley*, 482 U.S. 78, 89 (1987). Plaintiff has not provided any facts to suggest otherwise.

Additionally, there is no evidence that the mail restriction was in retaliation for Plaintiff's various complaints. In order to establish a *prima facie* retaliation case, an inmate must show "(1) his speech was constitutionally protected, (2) he has suffered a deprivation likely to deter free speech, and (3) his speech was at least a motivating factor in the [defendant's] action" *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). Defendants concede that filing an inmate complaint is a protected activity, but argue that there is no evidence that the ninety-day personal mail restriction would be likely to deter protected speech. In support of this, they point out that Plaintiff proceeded to file six additional inmate complaints in April and May of 2018, after the restriction was imposed, thereby suggesting that he was not, in fact, deterred at all. Finally, there are no facts suggesting a causal connection between his filing of the complaint and the

3. **ANALYSIS**

As a threshold matter, the facts indicate that Plaintiff failed to administratively exhaust his complaint through the required channels because he failed to submit a complaint that timely or specifically challenged Tarr's second all-inmate mail restriction, or Hautamaki's refusal to rescind it. Additionally, it does not appear that he ever challenged his individual restriction as retaliatory or otherwise violative of his First Amendment rights.

But even if Plaintiff had exhausted his administrative remedies, Defendants' restrictions on Plaintiff's mail did not violate the First Amendment because they were "reasonably related to legitimate penological interests," i.e., carrying out the terms of this sentence. *Turner v. Safley*, 482 U.S. 78, 89 (1987). Plaintiff has not provided any facts to suggest otherwise.

Additionally, there is no evidence that the mail restriction was in retaliation for Plaintiff's various complaints. In order to establish a *prima facie* retaliation case, an inmate must show "(1) his speech was constitutionally protected, (2) he has suffered a deprivation likely to deter free speech, and (3) his speech was at least a motivating factor in the [defendant's] action" *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). Defendants concede that filing an inmate complaint is a protected activity, but argue that there is no evidence that the ninety-day personal mail restriction would be likely to deter protected speech. In support of this, they point out that Plaintiff proceeded to file six additional inmate complaints in April and May of 2018, after the restriction was imposed, thereby suggesting that he was not, in fact, deterred at all. Finally, there are no facts suggesting a causal connection between his filing of the complaint and the

mail restriction. Indeed, the evidence shows that the mail restriction was a direct result of Plaintiff's violation of the no-contact order.

**4.     CONCLUSION**

For the reasons explained above, Defendants' motion for summary judgment must be granted. Additionally, Plaintiff's motion for sanctions must be denied.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment (Docket #19) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for sanctions (Docket #26) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** on the merits together with costs as taxed by the Clerk of the Court.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of July, 2019.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge